```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARMEN OF THE FAMILY SKRINE, Party
Aggrieved,

                    Plaintiff,
                                           MEMORANDUM & ORDER
         -against-                         18-CV-3953(JS)(AYS)

42 U.S.C. § 654(3) CHILD SUPPORT
ENFORCEMENT BUREAU; NASSAU COUNTY
CHILD SUPPORT ENFORCEMENT UNIT;
45 CFR § 302.34 NASSAU FAMILY
COURT; 45 C.F.R 75.2 IV-D
CONTRACTOR TOMASCINO
C. MASTROIANNI; NASSAU COUNTY;
and NASSAU COUNTY CLERK
OF COURT,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Carmen Skrine, pro se
                    25 Franklin Blvd., Apt. 1F
                    Long Beach, New York 11561

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On July 10, 2018, pro se plaintiff Carmen Skrine ("Plaintiff") filed an incomprehensible fourteen (14) page Complaint (exclusive of exhibits) together with an application to proceed in forma pauperis. (See Docket Entries 1-2.) Although the caption of the Complaint includes citations to the United States Code and to the Code of Federal Regulations in the identification of Defendants, the Court understands that Plaintiff seeks relief against the Nassau County Child Support Enforcement

Bureau, the Nassau County Child Support Enforcement Unit, the Nassau County Family Court, the Nassau County Clerk of Court, Nassau County, and Tomascino C. Mastroianni (collectively, "Defendants"). For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT THAT COMPLIES WITH RULE 8 WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Plaintiff is warned that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim, or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice.

THE COMPLAINT[1]

As noted above, the Complaint is incomprehensible. Plaintiff's "Statement of Facts" alleges the following, in its entirety:

> Defendants deprived Skrine of his interest pursuant to established IV-D procedures, and due process was not satisfied because under 45 C.F.R. § 302.34 contractual obligations, there was no constitutional court hearing provided before he was deprived his property interest. Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir.

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

>   2011). Defendant's, contractors, agents, staff, and employee's premeditated acts and omissions violated due process because they knew well in advance that no law requires them to offer and sell IV-D services because said services do no intended to benefit children or custodial parents. <u>Blessing v. Freestone</u>, 520 U.S. at 343, 117 S. Ct. at 1361, 17 L. Ed. 2d at 584, and that IV-D services was intended to benefit the public treasury not Skrine. <u>Wehunt v. Ledbetter</u>, 875 F.2d 1558.

(Compl. ¶ VII at 5-6.) Plaintiff identifies himself as the "[p]arty [a]ggrieved" and alleges:

> Carmen of the Family Skrine, American National and adult male of the *hu-man* species above the age of puberty, created by the Creators of the universe, Genesis 1:26 (see Preamble), born equal, free, and independent, not subject to the "legal" constraint of another, unconstrained having power to follow the dictates of his own free will, "not subject to" control, restriction, modification or limitation from a given outside source, possessing inalienable inherent rights among which are enjoying and defending his life and liberty, acquiring, possessing, protecting property and reputation, and seeking and obtaining happiness and safety.

(Compl. ¶ VIII at 6.) The Complaint then purports to allege nine claims for relief, but none are comprehensible. For example, the first claim alleges, in its entirety:

> **1. Claim for Relief under 42 U.S.C. § 1983 Against Defendants for Deprivation of Rights Under Color of Law**
>
> Title 42 is comprised of IV-D Program editorially compiled and organized into Title 42, but Title 42 itself has never been enacted into positive law. "Although

3

> state participation in the Social Security Act itself is mandatory, participation by the State in the IV-D program is voluntary." Wehunt v. Ledbetter, 875 F.2d 1558. The distinction is constitutionally significant because a non-positive law title is merely (presumed) evidence of law, in contrast to 1 U.S.C § 204, positive law titles constitute evidence of the law in all Federal and State Courts.

(Compl. ¶ 1 at 7.) Plaintiff's eight other claims are equally unintelligible and lack any facts, nor are there any allegations of conduct or inaction attributable to any Defendant. (See generally Compl.)

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Standard of Review

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The

Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil

5

Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and citations omitted) (unpublished opinion). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. (internal quotation marks and citation omitted)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This

"plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct.

1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on other grounds by Twombly, 550 U.S. at 544)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'"); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of pro se plaintiff's lengthy single-spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8").

Here, as is readily apparent, Plaintiff's Complaint does not comport with the pleading requirements of Rule 8. Plaintiff's submission is incoherent, unintelligible and is bereft of any facts in support of his claims. Because the Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, it is DISMISSED WITHOUT

PREJUDICE.

However, in light of Plaintiff's pro se status, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH RULE 8 AND THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis (D.E. 2) is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8's requirements. However, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with Rule 8 and this Memorandum and Order. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear docket number 18-CV-3953(JS)(AYS), and shall be filed within thirty (30) days of the date of this Memorandum and Order.

Plaintiff is warned that no extensions of this deadline

9

will be granted absent extraordinary circumstances and that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __18__, 2019
       Central Islip, New York

10